IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

BANGALE DONZO,

    Petitioner,

v.

LORETTA LYNCH, et al.,

    Respondents.

Case No.: GJH-15-3104

## MEMORANDUM OPINION

On October 13, 2015, Petitioner Bangale Donzo filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (2012). ECF No. 1. Donzo was in the custody of U.S. Immigration and Customs Enforcement ("ICE") and was detained at the Worcester County Detention Center in Snowhill, Maryland at the time he filed this Petition. ECF No. 1 at 2. On January 5, 2016, Respondents filed a Motion to Dismiss the Petition as moot.[1] For the reasons stated herein, Respondents' Motion to Dismiss is granted.

### I.    BACKGROUND

Donzo is a native and citizen of Liberia. ECF No. 1 at 2. On February 28, 2013, an immigration judge ordered Donzo removed to Liberia. *Id.* at 4. ICE took Donzo into custody and placed him in immigration detention on March 10, 2015. *Id.* He asserts that his post-removal-order detention is not statutorily authorized by 8 U.S.C. § 1226(c) and violates his constitutional rights. *See Zadvydas v. Davis*, 533 U.S. 678, 689, 121 S. Ct. 2491 (2001) (holding that post-

---

[1] ECF Nos. 7–8. Notice of Respondents' dispositive motion was sent by U.S. Mail to Donzo at the address he provided to the Clerk. ECF No. 9. The mail was returned to the Clerk by the U.S. Postal Service marked "Return to Sender" and "Unable to Forward." A handwritten notation on the returned envelope reads "Is not here." ECF No. 10.

removal-order detention under 8 U.S.C. § 1231(a)(6) does not authorize the Attorney General to detain an alien indefinitely beyond the removal period, but limits an alien's post-removal-order detention to a period reasonably necessary to effectuate removal from the United States). Donzo asserts he has been in detention for longer than six months and is unlikely to be removed in the reasonably foreseeable future. ECF No. 1 at 7.

Respondents seek dismissal of the Petition arguing it has been rendered moot by Donzo's removal from the United States on December 29, 2015, pursuant to the final order of removal. *See* ECF No. 8-1.

**II.   DISCUSSION**

Upon completion of removal proceedings and entry of the final removal order, the Attorney General is directed to remove the alien from the United States within ninety days. *See* 8 U.S.C. § 1231(a)(1)(A). The purpose of detaining a deportable alien is to insure his presence at the moment of removal. *Zadvydas*, 533 U.S. at 699. The Supreme Court held in *Zadvydas* that post-removal-order detention under 8 U.S.C. § 1231(a)(6) is implicitly limited to a period reasonably necessary to bring about the alien's removal from the United States and does not permit indefinite detention. *Id.* at 689. After this period:

> [O]nce the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.* at 701.

Donzo's petition requests release from confinement on the grounds that his continued

post-removal-order detention violates the standards set by *Zadvydas*. Petitioner's release from ICE custody and his removal from the United States render this action moot as there is no habeas relief for the Court to grant. *See Soliman v. United States*, 296 F.3d 1237, 1243 (11th Cir. 2002); *Picron-Peron v. Rison*, 930 F.2d 773, 775–76 (9th Cir. 1991).

### III.   CONCLUSION

For the foregoing reasons, Petitioner's request for habeas corpus relief is **DISMISSED** as moot. A separate Order follows.

Dated: January 27, 2016

GEORGE J. HAZEL
United States District Judge